# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:00-cr-137

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **JOSEPH BERNARD TATE,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Resentencing and Reduce Sentence Pursuant to First Step Act of 2018, (Doc. No. 383), and on his pro se Motion for Compassionate Release, (Doc. No. 391). The Government has filed a Response in opposition to the motions. (Doc. No. 399).

## I.     BACKGROUND

Between 1996 and 1999, Defendant participated in a violent drug-trafficking conspiracy that distributed at least six kilograms of crack cocaine in the Remount Road/West Boulevard area of Charlotte. (Presentence Report ("PSR") ¶¶ 8–9). Defendant and his coconspirators were involved in several assaults and multiple murders. On August 8, 1999, Defendant fired a semiautomatic pistol at passengers in an Acura automobile who were looking for Defendant after Defendant sold them counterfeit crack cocaine. (Id. ¶ 12). Defendant shot and killed Solomon Johnson and shot and blinded his brother Dennis Johnson during the shooting. (Id.).

A federal grand jury indicted Defendant and charged him with conspiracy to possess with intent to distribute at least 50 grams of crack cocaine and at least two kilograms of powder cocaine, 21 U.S.C. § 846. (Doc. No. 82 at 1). Defendant was also charged with using a firearm during and in relation to a crime of violence, murdering Solomon Johnson with premeditation

1

and malice aforethought, 18 U.S.C. § 924(c)(1), (j)(1); and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). (Doc. No. 3 at 1–3).

Defendant entered into a plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C) in which Defendant agreed to plead guilty to all three offenses and the parties agreed to a sentence of 480 months in prison. (Doc. No. 154 ¶¶ 1, 3). This Court accepted the parties' plea agreement. (Doc. No. 158). This Court's probation office submitted a presentence report and applied a cross-reference to the murder guideline, calculating a total offense level of 43 for the conspiracy and felon-in-possession offenses, reduced from a level 44. (PSR ¶¶ 24–25, 31, 33).

Based on a total offense level of 43 and a criminal history category of IV, the Sentencing Guidelines advised a sentence of life in prison for the drug-trafficking offense and a sentence of 10 years in prison for the felon-in-possession offense, which was the statutory maximum. (PSR ¶¶ 64–65). The probation officer noted that Defendant faced a consecutive term of imprisonment for any term of years or for life for his section 924(j) firearm offense. (PSR ¶ 64). This Court sentenced Defendant to 480 months in prison for the drug-trafficking and Section 924(j) firearm offenses and to a concurrent term of 120 months in prison for the felon-in-possession offense. (Doc. No. 202 at 2). This Court later vacated Defendant's felon-in-possession offense under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Doc. No. 366).

During his time in the Bureau of Prisons, Defendant has completed 32 educational or work assignments and completed his GED. He has committed nine disciplinary infractions, including infractions in 2019 and 2020. (Gov't Ex. 1). In September of 2021, Defendant asked the warden of his Bureau of Prisons facility to grant him compassionate release. (Doc. No. 391 at 13). Defendant now asks this Court to reduce his sentence or grant him compassionate release.

## II. DISCUSSION

Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. The Fourth Circuit explained in United States v. Wirsing that this definition of "covered offense" means that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) . . . are eligible" for a sentence reduction under section 404 of the First Step Act, unless they have already moved for relief under section 404 or they received the benefit of the Fair Sentencing Act when they were sentenced. 943 F.3d 175, 186 (4th Cir. 2019); see also Section 404(c) of the First Step Act, 132 Stat. at 5222.

Wirsing means that any defendant convicted of a crack cocaine offense punishable by 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B) before the effective date of the Fair Sentencing Act is eligible for a sentence reduction under the First Step Act, unless he has already sought and been denied such a reduction or he received the benefit of the Fair Sentencing Act when he was originally sentenced.

Defendant is eligible for a discretionary reduction of his drug-trafficking sentence under the First Step Act, because he was convicted of a "covered offense" for which the First Step Act authorizes a reduced sentence. He pleaded guilty to conspiring to possess with intent to distribute crack cocaine, and Wirsing makes clear that his crack cocaine offense is a "covered offense" under section 404(a) of the First Step Act.

This Court will nevertheless exercise its discretion not to reduce Defendant's drug-trafficking sentence, because Defendant's guideline range was determined by application of the cross-reference to the murder guideline and that range has not changed. (Doc. No. 137 at 2 (noting that Amendment 782 did not affect Defendant's advisory guideline range because that range was determined by the murder cross-reference)). Additionally, the sentencing considerations described in 18 U.S.C. § 3553(a) weigh against any sentence reduction. In exchange for Defendant's agreement to accept a 480-month sentence, the United States agreed not to seek the consecutive life sentence that his conviction under section 924(j) ordinarily would have yielded. To reduce Defendant's sentence now would override the parties' carefully crafted agreement.

Additionally, the sentencing factors described in 18 U.S.C. § 3553(a) weigh against any reduction in Defendant's sentence. Defendant's offense conduct warrants at least a 480-month sentence. Defendant actively participated in a violent drug-trafficking conspiracy during which he killed one man and blinded another. Because of the extraordinarily violent nature of Defendant's offense conduct, when combined with his criminal history that includes several drug offenses and nine infractions in the Bureau of Prisons, the need to protect the public, the need for deterrence, and the need to promote respect for the law, Defendant's 480-month sentence is the minimum sentence necessary to achieve the sentencing objectives described in section 3553(a). While Defendant suggests that he should be resentenced because of the crack:powder ratio that the Fair Sentencing Act addressed, his guideline range was determined by the murder he committed, not the drug type or quantity.

The Court will also deny Defendant's motion for compassionate release. Section 603(b) of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek a

4

Case 3:00-cr-00137-MOC    Document 403    Filed 02/15/22    Page 4 of 6

modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before The First Step Act amended Section 3582(c)(1)(A), a court could only act to reduce a defendant's sentence for extraordinary and compelling reasons if the Bureau of Prisons filed a motion seeking that relief.

Any reduction under § 3582(c)(1)(A) must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Although not binding on this Court because the Fourth Circuit has held it not to be an "applicable policy statement," see United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020), the commentary to § 1B1.13 provides specific and limited grounds for release under § 3582(c)(1)(A). These include (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A). A defendant's age may also warrant compassionate release, if (1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less. Id., § 1B1.13 cmt. n.1(B). Congress has made clear that rehabilitation of the defendant alone "shall not be considered an extraordinary and compelling reason" for a modification. 28 U.S.C. § 994(t).

Defendant does not allege circumstances that satisfy Section 1B1.13. Instead, he seeks compassionate release because of the threat posed by COVID-19, because of his rehabilitation,

5

and because he was improperly subject to a sentence enhancement under 21 U.S.C. § 851. Defendant received a COVID vaccination in August of 2021, however, and he has not identified any extraordinary risk for serious health consequences from the virus. See (Gov't Ex. 2). His sentence was determined by the cross-reference to the murder guideline and his agreement to a Rule 11(c)(1)(C) plea agreement, not by a sentence enhancement under Section 851. And while Defendant has completed his GED and numerous other educational courses and work assignments, he has also committed nine disciplinary infractions while in the Bureau of Prisons. Particularly when considered in the light of the nature and circumstances of his offense, the need to protect the public, and the need to provide adequate deterrence, the sentencing considerations described in 18 U.S.C. § 3553(a) weigh against granting him compassionate release, just as they weigh against reducing his sentence for the conspiracy offense.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Resentencing and Reduce Sentence Pursuant to First Step Act of 2018, (Doc. No. 383), and his pro se Motion for Compassionate Release, (Doc. No. 391), are **DENIED**.

Signed: February 15, 2022

Max O. Cogburn Jr
United States District Judge