UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:00-CR-00137-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **JOSEPH BERNARD TATE,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Modify Restitution. (Doc. No. 407). The Government has responded to the motion. (Doc. No. 408). Upon consideration of the parties' arguments, Defendant's motion will be **DENIED** for the following reasons.

## I. BACKGROUND

This Court sentenced Defendant on April 19, 2002, to a total of 480 months' imprisonment for conspiracy to possess with intent to distribute powder and crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); two counts of using and carrying a firearm during and in relation to a crime of violence resulting in murder, in violation of 18 U.S.C. § 924(c) and (j)(1) (Counts Two and Three); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). (Doc. No. 202).

In the Amended Judgment entered February 10, 2014, (Doc. No. 367), he was also ordered to pay an assessment of $200.00 and restitution of $54,865.29. Defendant owed a portion of this debt jointly and severally with two of his co-defendants; that portion has been satisfied. The remaining balance is owed solely by Defendant. To date, Defendant has paid $3,855.66 toward his special assessment and restitution. He has made about 72 payments totaling $2,065.26 through the

Inmate Financial Responsibility Program ("IFRP"). It also appears that the Treasury Offset Program captured a payment of $1,790.40 on July 9, 2021. The Clerk of Court balance as of May 18, 2022, is $43,260.02.

Defendant filed a letter on May 16, 2022, requesting that the Court "modify said restitution order, as it has been twenty years, and can be legally forgiven." (Doc. No. 407 at 2). He also states that he is indigent, and the funds used to pay his restitution have come from his family, which has been difficult for them. (Id.).

## II. DISCUSSION

Defendant's motion will be denied. There is no legal authority for correcting or amending his restitution order at this time. Nor can restitution be "forgiven" before the statutory period of enforcement expires. Finally, to the extent Defendant challenges his participation in IFRP, his motion is procedurally improper and fails legally.

First, Defendant's restitution was properly ordered pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, and there is no basis for amending, modifying, or "forgiving" the judgment. The MVRA requires that restitution be ordered "in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Restitution imposed pursuant to the MVRA cannot be terminated, revoked, or remitted. United States v. Roper, 462 F.3d 336, 338–39 (4th Cir. 2006). The MVRA permits modification of final restitution orders under only four circumstances:

1.  An order of restitution may be corrected within fourteen days after sentencing for "arithmetical, technical, or other clear errors." FED. R. CRIM. P. 35(a); 18 U.S.C. § 3664(o)(1)(A).

2

2.      It may be modified or corrected on appeal under § 3742. 18 U.S.C. § 3664(o)(1)(A).

3.      It may be amended under section 3664(d)(5) because losses were not ascertainable at the time of sentencing. 18 U.S.C. § 3664(o)(1)(C).

4.      The manner in which restitution must be paid may be adjusted under § 3664(k). 18 U.S.C. § 3664(o)(1)(D).

None of those circumstances apply here. The time to appeal or correct the judgment has passed, and no new losses have been discovered. There has likewise been no material change in Defendant's economic circumstances that would justify a change to his payment schedule under § 3664(k). He has been incarcerated since he was sentenced, a circumstance anticipated by Defendant's sentence, which imposed restitution and ordered it "payable immediately" and "due during the period of imprisonment." (Doc. No. 202 at 5). Therefore, there is no legal basis for modifying Defendant's restitution.

Second, the period of enforcement for Defendant's restitution judgment has not expired. Under 18 U.S.C. § 3613(b), "[t]he liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." Defendant's obligation will expire 20 years after his release from prison, which is currently scheduled for April 14, 2034. Upon his release, the United States Probation Office will acquire the responsibility of collecting restitution in coordination with the United States Attorney's Office. Defendant will be 56 years old and eligible for employment, as well as tax refunds and Social Security benefits, which may be garnished through the Treasury Offset Program. Defendant's restitution liability is many years from expiration, and, as set out above, it cannot be terminated early. Roper, 462 F.3d at 338–39.

3

Third, to the extent Defendant challenges the amount of his IFRP payments or his participation in IFRP generally, his motion is procedurally improper. Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. See United States v. Boulware, No. 1:09-CR-55, 2016 WL 4418239, at *1 (W.D.N.C. Aug. 17, 2016) (citing McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999)). Once all administrative remedies have been exhausted, a defendant may challenge IFRP payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. Id. Defendant is incarcerated in Florida, so any request for relief must be filed in the appropriate district there.

Moreover, Defendant does not need the Court's assistance to be removed from IFRP if he so chooses. When an inmate enrolls in the IFRP, he is permitted to work and earn wages, a portion of which is applied to any outstanding monetary penalties in accordance with the terms of the IFRP. Although participation in the IFRP is not mandatory, those who do not participate are no longer eligible for certain incentives such as furlough, performance or bonus pay, work details outside the prison, or drug treatment and educational programs and are subject to commissary spending limits. 28 C.F.R. § 545.11(d). It appears that Defendant is really seeking a vehicle to cease payments to IFRP without losing the corresponding privileges he has gained through his participation in the program. Any such request violates the principles of the IFRP statute and regulations, as 28 C.F.R. § 545.11(d) states that where an inmate fails to comply with his financial plan, he loses the corresponding privileges.

In any case, it is of no consequence that Defendant claims to be indigent or that "the funds used for these payments, were provided by his family, or an institutional job that he maintained," resulting in hardship for himself and his family. (Doc. No. 202 at 2). Defendant's payments

through IFRP have been minimal, typically $25.00 per quarter, although the three most recent payments received on January 5, February 2, and April 5, 2022, have been for $50.00 each. Records show that Defendant's most recent payroll deposit was $105, and he received numerous deposits from other sources. Defendant's family is not obligated to deposit money into his prison trust account, and his payments are reasonable given the amount of his debt and the length of his incarceration.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Modify Restitution, (Doc. No. 407), is **DENIED**.

Signed: June 30, 2022

Max O. Cogburn Jr.
United States District Judge